IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00464-BNB

JAMES FAIRCLOTH,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, Exec. Dir. of CDOC, and
DAVE HENNINGER, CEO of CCA,

    Defendants.

---

ORDER DENYING PETITION FOR INJUNCTION

---

This matter is before the Court on the "Petition for Injunction Pursuant to F.R.Civ.P. 65" (ECF No. 6) filed *pro se* by Plaintiff, James Faircloth.  Mr. Faircloth is a prisoner in the custody of the Colorado Department of Corrections (DOC).  The operative pleading in this action is a Prisoner Complaint (ECF No. 1) in which Mr. Faircloth asserts four claims for relief alleging discrimination on the basis of mental disabilities in violation of the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act.  Mr. Faircloth asserts in the petition for injunctive relief that the DOC and Corrections Corporation of America have engaged in a campaign of harassment against him since 2010 and he makes factual allegations regarding various past incidents, some of which apparently are the subject of a different lawsuit that remains pending.  With respect to his current confinement, Mr. Faircloth alleges in the petition for injunctive relief that he has a specific need for a temporary restraining order

or preliminary injunction because he is housed in a facility with known and unknown inmates who are gang members that have threatened to kill him on sight and prison officials have threatened him with false reports in retaliation for filing grievances.

The Court must construe the petition for injunctive relief liberally because Mr. Faircloth is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the petition will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).  Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before

2

a trial on the merits occurs." *Id.* Because Mr. Faircloth is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Faircloth "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Faircloth "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Faircloth fails to demonstrate, clearly and unequivocally, that he is entitled to a temporary restraining order or preliminary injunction. In particular, Mr. Faircloth fails to allege specific facts relevant to his claims of disability discrimination that demonstrate he will suffer future injury that is irreparable if no temporary restraining order or

preliminary injunction is issued.  "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  Mr. Faircloth's allegations in the petition for injunctive relief regarding past incidents, gang members, and threats of false reports are unrelated to the claims of disability discrimination set forth in the Prisoner Complaint.  Therefore, the petition will be denied.  Accordingly, it is

ORDERED that the "Petition for Injunction Pursuant to F.R.Civ.P. 65" (ECF No. 6) is denied.

DATED at Denver, Colorado, this  21st  day of  ___March___, 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4