IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00464-REB-KLM

JAMES FAIRCLOTH,

      Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, Executive Direction of CDOC, in his individual and official capacities,
DAVE HENNINGER, CEO of CCA, in his individual and official capacities,

      Defendants.

_____

## MINUTE ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

      This matter is before the Court on Plaintiff's **Motion to Correct Previous Motion for Leave to File Amended Complaint** [#55] (the "First Motion to Correct"), Plaintiff's **Motion to Correct the List of Parties on Amended Complaint** [#56] (the "Second Motion to Correct"), Defendants Corrections Corporation of America's and Damon Hininger's (incorrectly named as Dave Henninger) (collectively, the "Moving Defendants") **Motion for Extension of Time to Respond to Plaintiff's Motion for Leave to File Amended Complaint** [#61][1] (the "Defendants' First Motion"), and the Moving Defendants' **Motion for Extension of Time to Respond to Plaintiff's Motion for Class Certification Complaint Class Action** [#62] (the "Defendants' Second Motion").

      On August 6, 2014, the Court granted Plaintiff's Motion for Extension of Time to File Amended Complaint [#48]. However, the Court also warned Plaintiff as follows:

      The Court reminds **Plaintiff that pro se litigants must follow the same procedural rules that govern other litigants.** *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). That includes meeting deadlines to respond to pending motions. Plaintiff may not ignore such deadlines and then seek

---

[1] "[#61]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

extensions of time in order avoid the Court's entry of an order granting a dispositive motion such as the First MTD and the Second MTD. **If Plaintiff continues to fail to respond to dispositive motions, the Court will treat those motions as unopposed and will rule on them without the benefit of Plaintiff's arguments in opposition to the motions.**

Further, if Plaintiff files a motion seeking leave of the Court to file an Amended Complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and which includes the proposed Amended Complaint as a document separate from the Motion. **The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed Amended Complaint.** Accordingly, the Court will not allow further amendment of Plaintiff's claims once Plaintiff files his anticipated motion to amend.

*Minute Order* [#50] at 2 (emphasis in original).

In the First Motion to Correct, Plaintiff asks the Court to strike "paragraph 3" from Plaintiff's Motion for Leave to File Amended Complaint [#52] because it was "inadvertently left in" and "speaks of [an] extension of time . . . for leave to file [an] amended complaint." *First Motion to Correct* [#55] at 1. The Court agrees that the paragraph that begins with the number three relates to an extension of time and is unrelated to the relief sought in Plaintiff's Motion for Leave to File Amended Complaint [#52]. The Court, therefore, agrees that the paragraph should be stricken.

In the Second Motion to Correct, Plaintiff asks the Court to further modify his proposed Amended Complaint [#52-1], to correct clerical errors. Notably, the proposed Amended Complaint purports to add 22[2] new defendants to a case that only originally named four Defendants. Specifically, Plaintiff states that one proposed defendant, the Jefferson County Community Corrections Board, is erroneously named twice in the caption and asks the Court to strike the second reference. *Second Motion to Correct* [#56] at 1. Plaintiff also asks the Court to add "LT. ACKERS" to the caption, arguing that this proposed defendant is included in the section of the proposed Amended Complaint titled "Parties" and was erroneously excluded from the caption. *Id.* Both of these issues are clerical errors, not substantive changes. Accordingly, the Court will make these two changes. However, Plaintiff is again reminded, as he was previously warned by the Court, **the Court will not allow further amendment of Plaintiff's claims**.

IT IS HEREBY **ORDERED** that the First Motion to Correct [#55] and the Second

---

[2] As noted below, one of the newly named defendants is named twice. The Court only counts the first reference for purposes of this Minute Order.

2

Motion to Correct [#56] are **GRANTED**.[3]  Accordingly,

IT IS FURTHER **ORDERED** that the paragraph that begins with the number three is **STRICKEN** from Plaintiff's Motion for Leave to File Amended Complaint [#52].

IT IS FURTHER **ORDERED** that the proposed Amended Complaint [#52-1] is modified to strike the second reference to Jefferson County Community Corrections Board in the caption and to add "Lt. Ackers" to the caption.

IT IS FURTHER **ORDERED** that Defendants' First Motion [#61] and Defendants' Second Motion [#62] are **GRANTED**.  The Moving Defendants shall respond to Plaintiff's Motion for Leave to File Amended Complaint [#52] and Plaintiff's Motion for Class Certification Complaint Class Action [#53] on or before **September 19, 2014**.

Dated:  September 18, 2014

---

[3]  The Court may rule on a pending motion at any time.  D.C.COLO.LCivR 7.1(d).