**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.: 14-cv-00464-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, EXECUTVE DIRECTOR OF COLORADO DEPARTMENT OF CORRECTIONS;
DAVE HENNIGER, CEO OF CORRECTIONS CORPORATION OF AMERICA,

    Defendants.

---

**ORDER DENYING MOTIONS TO AMEND**

---

**Blackburn, J.**

This matter is before the court on the following motions filed by the plaintiff: (1) **Motion for Leave To File Amended Complaint** [#52][1] filed August 22, 2014; (2) **Motion To Strike 1st Amended Complaint for Leave To Correct the Deficiencies in the Complaint to Re-File** [#78] filed November 17, 2014; (3) **Petition To Strike Previous Amended Complaint and Leave To Amend Prisoner Complaint and Jury Demand** [#85] filed December 11, 2014; (4) **Petition To Strike Previous Amendment of Complaint and for Leave To File Amended Complaint** [#90] filed December 12, 2014; and (5) **Petition for Leave To Add Named Parties To Party List** [#93] filed December 12, 2014; and (6) **Petition for Leave To Re-File Amended Complaint and**

---

[1] "[#52]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**motions Filed on December 8, 9, and 10th, 2014, in Order To Comply with Court's Piecemeal Rule That Requires Filings To Be Sent Together at One Time** [#94] filed December 17, 2014.  The defendants filed a response [#66] to the motion docketed as [#52].  On December 19, 2014, I entered an order [#98] suspending the response deadlines for the defendants to respond to several motions filed by the plaintiff.  I now deny each of the motions listed above.  However, I grant permission for the plaintiff to file an amended complaint which complies with the requirements specified in this order, which requirements are designed to ensure compliance with  Fed. R. Civ. P. 8.

      The six motions listed in the first paragraph of this order essentially constitute a combined request to file the proposed amended complaint shown at [#94-1 & #94-2].  Under Fed. R.Civ.P. 15(a), a court should grant leave to amend freely when justice so requires.  Amendments generally are allowed, except where well-defined exceptions apply.  The most notable exceptions are considered when there is a showing of undue delay, undue prejudice to the opposing party, or when the amendment would be futile.  ***See, e.g., Castleglen, Inc. v. Resolution Trust Corp.***, 984 F.2d 1571, 1585 (10th Cir. 1993).

      Repeatedly, the plaintiff, James Faircloth, has sought to file an amended complaint and to correct his proposed amended complaints.  The current iteration of his proposed amended complaint [#94-1 & #94-2] is a typed, single-spaced document in which a nine or ten point font is used.  The proposed amended complaint is 68 pages long and contains 333 numbered paragraphs, some of which include sub-paragraphs.  The proposed amended complaint contains many details which are not necessary to describe briefly, plainly, and adequately the legal and factual bases for the claims of Mr.

Faircloth.

Under Fed. R. Civ. P. 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Of course, some level of detail is necessary in a complaint because conclusory allegations or legal conclusions masquerading as factual conclusions are not sufficient. However, a complaint need contain only "enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "(T)he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original). One major purpose of a complaint is to inform the defendants of the nature of the claim against them and the factual grounds for that claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). A short and plain statement of the factual and legal basis for a claim is sufficient to notify a defendant of the nature of a claim against that defendant. In fact, a short and plain statement of a claim is the best and most efficient way to serve this important purpose.

The prolixity of the proposed amended complaint [#94-1 & #94-2] violates the pleading requirements FED. R. CIV. P. 8(a). The fact that the proposed amended complaint contains an absurd level of detail means that the key factual and legal contentions of Mr. Faircloth are buried in a sea of unnecessary verbiage. That sea of unnecessary verbiage makes it difficult or impossible for the court and any defendant to determine the nature of the claim or claims asserted against that defendant and the factual grounds for that claim or those claims. In this context, inundation is tantamount

3

to obfuscation. The lack of organization in the proposed amended complaint also violates the requirements of Rule 8 and disserves the purpose of providing fair notice to the defendants. In addition, the single-spaced and small font formatting of the proposed amended complaint violates D.C.COLO.LCivR 10.1, which requires that all filings satisfy certain formatting standards.

Given these circumstances, I deny all of the motions to amend listed in the first paragraph of this order. In each of these motions, Mr. Faircloth seeks permission to file an amended complaint that does not comply with the basic requirements outlined above. Permitting such a document to be used as the operative complaint in this case would cause undue delay and undue prejudice to the defendants. Given that inevitable undue delay and prejudice, I find that the proposed amendment would be futile. However, I grant Mr. Faircloth one opportunity to file an amended complaint that is compliant with the requirements of the Federal Rules of Civil Procedure, the applicable case law, and the Local Rules of Practice of the United States District Court for the District of Colorado - Civil. Given his obvious tendency to be needlessly prolix, I outline in this order the formatting requirements and page limitations applicable to any amended complaint which Mr. Faircloth may seek to file.

In view of both the intent to file an amended complaint expressed repeatedly by Mr. Faircloth and this order, I deny as moot the two pending motions to dismiss docketed as [#30 & #46]. In addition, I deny the motions for class certification [#53, #86, & #92] filed by Mr. Faircloth. Given the inadequate proposed amended complaints tendered by Mr. Faircloth, there is no basis to find that the claims of Mr. Faircloth are typical of the claims of his proposed class. Further, on the current record, there is no

basis to find that Mr. Faircloth, as a representative party, can fairly and adequately represent the claims of his proposed class. These considerations are among the most basic requirements for class certification. Fed. R. Civ. P. 23.

**THEREFORE, IT IS ORDERED** as follows:

1. That after consultation with the magistrate judge assigned to this case, I **WITHDRAW** the reference of the motions addressed in this order to the magistrate judge, and I resolve those motions in this order;

2. That the **Motion for Leave To File Amended Complaint** [#52] filed August 22, 2014, is **DENIED**;

3. That the **Motion To Strike 1st Amended Complaint for Leave To Correct the Deficiencies in the Complaint to Re-File** [#78] filed November 17, 2014, is **DENIED**;

4. That the **Petition To Strike Previous Amended Complaint and Leave To Amend Prisoner Complaint and Jury Demand** [#85] filed December 11, 2014, is **DENIED**;

5. That the **Petition To Strike Previous Amendment of Complaint and for Leave To File Amended Complaint** [#90] filed December 12, 2014, is **DENIED**;

6. That the **Petition for Leave To Add Named Parties To Party List** [#93] filed December 12, 2014, is **DENIED**;

7. That the **Petition for Leave To Re-File Amended Complaint and motions Filed on December 8, 9, and 10th, 2014, in Order To Comply with Court's Piecemeal Rule That Requires Filings To Be Sent Together at One Time** [#94] filed

December 17, 2014, is **DENIED**;

      8.  That in view of the repeated requests of the plaintiff to file an amended complaint and this order granting those requests with specified limitations, the **Defendants Corrections Corporation of America and Damon Hinninger's Motion To Dismiss** [#30] filed May 22, 2014, and the **CDOC Defendants' Motion To Dismiss** [#46] filed June 30, 2014, both are **DENIED** as moot;

      9.  That the **Motion for Class Certification Complaint Class Action** [#53] filed August 22, 2014, the **Motion for Class Certification Complaint Class Action** [#86] filed December 11, 2014, and the **Motion for Class Certification Complaint Class Action** [#92] filed December 12, 2014, are **DENIED**;

      10.  That by **March 4, 2015**, the plaintiff **MAY FILE** an amended complaint which complies with the requirements specified in this order;

      11.  That any amended complaint filed by the plaintiff which does not comply with the requirements specified in this order, the requirements of Fed. R. Civ. P. 8, and Local Rules of Practice of the United States District Court for the District of Colorado - Civil **SHALL BE STRICKEN**;

      12.  That any amended complaint **SHALL COMPLY** with the following conditions:

    a.  Any amended complaint shall be **no more than 30 pages in length**;

    b.  This page limitation shall be applicable to and include all matters addressed in the amended complaint, except for the certificate of service;

    c.  The page limitation shall be applicable to and include any attachment to the complaint, such as affidavits, declarations, or any other attachment;

    d.  Any amended complaint shall be double spaced;

    e.  Any amended complaint shall be presented using a font no smaller than a 12

point font;

f.  Any amended complaint must comply with the requirements of FED. R. CIV. P. 8 and the Local Rules of Practice of the United States District Court for the District of Colorado - Civil, including D.C.COLO.LCivR 10.1[2];

13.  That to the extent the plaintiff includes in any amended complaint allegations in support of a putative class action, those allegations **SHALL BE** set forth in a separate section of the amended complaint captioned "Class Action Allegations," and **SHALL CONTAIN** no more than a short and plain statement of the allegations in support of a putative class action;

14.  That the plaintiff, James Faircloth, is **WARNED** that the filing of an amended complaint that does not comply with the requirements of this order may result in the imposition of sanctions, which may include dismissal of this case; and

15.  That if the plaintiff files an amended complaint, any defendant named in that complaint **SHALL BE PERMITTED** to file a motion to dismiss and / or a motion for

---

[2]  Local Rule 10.1 provides:

**D.C.COLO.LCivR 10.1 FORMAT OF PLEADINGS AND DOCUMENTS PRESENTED FOR FILING**

**(a) Scope.** This rule applies to all pleadings and documents presented for filing.

**(b) Size.** All pleadings and documents shall be on 8½ by 11 inch white paper.

**(c) Margins.** Margins shall be 1½ inches at the top and 1 inch at the left, right, and bottom of each page.

**(d) Font.** Unless otherwise ordered, all typewritten pleadings and documents shall use black ink and not less than 12 point font.

**(e) Spacing.** All pleadings and documents shall be double spaced.

**(f) Text.** Text shall be printed on one side of the page only.

**(g) Legible.** All handwritten pleadings and documents shall be legible, utilizing upper and lower case lettering.

summary judgment addressing the amended complaint.

Dated February 11, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge