IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00464-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, Executive Direction of CDOC, in his individual and official capacities,
DAVE HENNINGER, CEO of CCA, in his individual and official capacities,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Stay of Proceedings Due to in Transit Unit and Petitioner Has No Access to Files, or Legal Material, or to Law Library to Further Prosecute This Case at This Time** [#102][1] (the "Stay Motion) and Plaintiff's **Petition for Extension of Time to File Amendment of the Complaint and Leave to File This Request Out of Time** [#104] (the "Extension Motion").

    In the Stay Motion Plaintiff asks the Court to stay this case until he has access to a law library. *Stay Motion* [#102] at 1. In the Extension Motion Plaintiff explains that he was transferred to another facility on February 24, 2015 and has begun working on his amended complaint. *Extension Motion* [#104] at 2. Plaintiff further notes that he anticipates being transferred again, but does not provide specific information relating to this anticipated transfer. *Id.* Plaintiff requests that the Court extend the March 4, 2015 deadline for him to submit an amended complaint set in the Court's February 11, 2015 Order [#101] to "April 20th, or as late as April 30th, 2015 . . . ." *Extension Motion* [#104] at 4. Plaintiff notes that such an extension will "give [him] ample time to have it done, perhaps sooner." *Id.*

    The Court notes that this case was initiated on February 21, 2014. See generally

---

[1] "[#102]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

Complaint [#1]. To date there have been more than 100 filings in this case, including two motions to dismiss [##30, 46]. In addition, Plaintiff has sought extensions in this case numerous times [##42, 48, 69, 71]. On October 10, 2014, the Court extended Plaintiff's deadline to file his motion for leave to amend his complaint and noted that:

> **No further extension will be granted absent extraordinary circumstances.** For Plaintiff's benefit, the Court notes that Plaintiff's need to spend time focusing on other legal matters does not constitute extraordinary circumstances.

*Minute Order* [#74] at 2 (emphasis in original). However, in its February 11, 2015 Order [#101], the Court extended Plaintiff's deadline to file his amended complaint to March 4, 2015. The Court has been very generous in this case, extending deadlines as needed. However, a case must progress. This case was filed more than one year ago and the Court and Defendants still do not know what claims Plaintiffs is bringing. Accordingly,

IT IS HEREBY **ORDERED** that the Stay Motion [#102] is **DENIED as moot**. Plaintiff admits in the Extension Motion that he now has access to a law library and is working on his amended complaint. *Extension Motion* [#104] at 2.

IT IS FURTHER **ORDERED** that the Extension Motion [#104] is **GRANTED**.[2] Plaintiff shall file his amended complaint **on or before April 20, 2015**. **This deadline will not be extended further. As a litigant Plaintiff must comply with Court deadlines and prosecute his case. Failure to meet this deadline may result in a recommendation that this case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and/or failure to comply with a Court Order.**

Dated: March 16, 2015

---

[2] The Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(d).