IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00464-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, Executive Direction of CDOC, in his individual and official capacities,
DAVE HENNINGER, CEO of CCA, in his individual and official capacities,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Strike Impertinent Parts of Amended Complaint Pursuant to F.R.C.P. 12(f) and 15 or Rule 11** [#125][1] (the "Motion).

    The procedural background of this case informs the Court's decision. Plaintiff has been given multiple opportunities to amend his complaint and has been given multiple extensions of deadlines. However, as the Court noted more than three months ago, "[t]his case was filed more than one year ago and the Court and Defendants still do not know what claims Plaintiffs is bringing." *Minute Order* [#106] at 2. On February 11, 2015, Judge Blackburn granted Plaintiff leave to amend his claims and set specific parameters on any amended complaint filed by Plaintiff. *Order Denying Motion to Amend* [#101] at 6. In its March 16, 2015 Minute Order, the Court further extended the deadline for Plaintiff to file an amended complaint:

> Plaintiff shall file his amended complaint **on or before April 20, 2015. This deadline will not be extended further. As a litigant Plaintiff must comply with Court deadlines and prosecute his case. Failure to meet this deadline may result in a recommendation that this case be

---

[1] "[#69]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

**dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and/or failure to comply with a Court Order.**

*Minute Order* [#106] at 2 (emphasis in original).

On April 27, 2015, Plaintiff filed a motion to amend, attaching a proposed Amended Complaint [#111], which is opposed by Defendants. That motion is pending before the Court. In their Response to Plaintiff's "Motion [ ] to File Amended Complaint Outside of Time" (Doc. 111) [#121], Defendants argue that the motion to amend should be denied because Plaintiff did not comply with the parameters set by the Court. Specifically the proposed Amended Complaint is not double-spaced and, therefore, also exceeds the page limitations set by the Court. In the instant Motion, Plaintiff asks the Court to "strike the impertinent wordage [sic], while maintaining the relevant language to keep pleading within the Court's requirements it put forth at same time stating the claims it puts forth." *Motion* [#125] at 2. Plaintiff filed a reply [#126] in further support of his motion to amend contemporaneously with filing the instant Motion. The reply offers the same explanations regarding the length of the proposed Amended Complaint that are presented in the instant Motion.

It is not the Court's role to piece-together Plaintiff's claims by examining his proposed Amended Complaint and deciding which language to strike and which to keep. As Plaintiff is aware, the Court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Cimino v. Rowe*, 176 F.App'x 488, *2 (10th Cir. 1999) (unpublished Order and Judgment) ("The district court's duty to construe his pro se pleadings liberally did not obligate it to act as an advocate for plaintiff." (internal citations omitted)); *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). To the contrary, it is Plaintiff's responsibility to state his claims as the Court has previously explained to him. *See e.g., Order Denying Motions to Amend* [#101] at 3-7 (explaining Rule 8's pleading requirements and providing specific parameters for the filing of an amended complaint); *Minute Order* [#64] at 1-2 (reminding Plaintiff that he must follow the same procedural rules that govern other litigants and instructing Plaintiff that "[t]he Court will not permit piecemeal adjudication of Plaintiff's case, this Plaintiff must

include all claims he seeks to bring and defendants he intends to name in the proposed Amended Complaint."); *Minute Order* [#50] at 2 (same).

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#125] is **DENIED**.

Dated:  June 15, 2015