IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00464-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, Executive Direction of CDOC, in his individual and official capacities,
DAVE HENNINGER, CEO of CCA, in his individual and official capacities,

    Defendants.

---

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Petition for Stay of Proceedings to Consult With Attorney** [#129][1] (the "Motion"). In the Motion, Plaintiff requests that this case be stayed through August 30, 2015. *Motion* [#129] at 1. He explains that he would like time to consult with Elisabeth Owen, an attorney with the Prisoners' Justice League of Colorado. *Id.* Plaintiff notes that he hopes that consulting with Ms. Owen will lead to either "a possible resolution" of this and his other pending lawsuits or Ms. Owen's agreement that she will represent him in this case. *Id.* The Motion does not inform the Court of Defendants' position regarding the requested relief and conferral was not required because Plaintiff is an unrepresented prisoner. D.C.COLO.LCivR 7.1(b)(1). Nevertheless, the Court

---

[1] "[#129]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

enters this Order pursuant to D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."), without awaiting a response from Defendants.

## I. Analysis

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis,* 299 U.S. at 254 (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss

for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, a stay would apparently not prejudice Plaintiff because he requests the stay. *Motion* [#129] at 1. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay.

With regard to the second factor, the Court does not know if Defendants oppose the requested relief.  However, the Court notes that the requested stay is of short duration and that if Plaintiff does obtain the assistance of an attorney, Defendants may be able to resolve this lawsuit while conserving resources.  In addition, Plaintiff recently filed a motion seeking leave of the Court to amend his claims.  *See generally Motion to File Amended Complaint Outside of Time* [#111].  As a result, as the Court has previously noted, "even though this case was filed more than one year ago, it is still in its earliest stages 'and the Court and Defendants still do not know what claims Plaintiffs is bringing.'"  *Order Denying Motions for Appointment of Counsel* [#107] at 2 (quoting *Minute Order* [#106] at 2).  As a result there are no impending deadlines in this case.  However, because the Court does not know Defendants' position, it finds that the second *String Cheese Incident* factor neither weighs in favor nor against a stay.

With regard to the third factor, it is certainly more convenient for the Court to enter a stay to allow Plaintiff to seek legal representation and attempt to resolve this case.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Staying this proceeding to allow Plaintiff to confer with an attorney and attempt to obtain representation serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Considering these factors, the Court finds that a stay of short duration is appropriate

in this case.

## II. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#129] is **GRANTED**. This case is **STAYED** through **August 30, 2015**.

IT IS FURTHER **ORDERED** that for docket management purposes, the following motions are **DENIED without prejudice**: Petition for Extension of Time in Case No. 14cv464 REB KLM [#109]; Motion to File Amended Complaint Outside of Time [#111]; Motion for Class Certification Complaint Class Action [#112]; and Motion for Appointment of Counsel Motion for Class Certification Complaint Class Action [#113]. The filing party may re-file any of these motions, if appropriate, after the stay is lifted.

IT IS FURTHER **ORDERED** that, **on or before August 30, 2015**, Plaintiff shall file a Status Report informing the Court: (1) whether he has obtained representation and (2) whether he intends to move forward with this lawsuit.

**Failure to comply with this Order may result in the imposition of sanctions, including dismissal of this case.**

Dated: June 23, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge