**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-464-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH,
DAVE HENNINGER,

    Defendants.

**ORDER DENYING MOTION FOR INJUNCTION &
TEMPORARY RESTRAINING ORDER**

**Blackburn, J.**

This matter is before me on the **Motion for Injunction and Temporary Restraining Order** [#119][1] filed by the plaintiff on May 20, 2015. The plaintiff filed also a brief in support [#120] of the motion. The motion is denied.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question).

### II. STANDARD OF REVIEW

A temporary restraining order constitutes extraordinary relief. A party seeking a temporary restraining order or a preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will

---

[1] "[#119]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. FED.R.CIV.P. 65(b).

### III.  ANALYSIS

The plaintiff, James Faircloth, is an inmate incarcerated by the Colorado Department of Corrections. His motion for injunctive relief and supporting brief are comprised of 30, single spaced pages of rambling about the law and the desire of Mr. Faircloth to be granted parole. Mr. Faircloth claims to suffer from various disabilities. In his motion, he contends that the Colorado Board of Parole is legally required to grant him parole so he can participate in the John Eachon Re-Entry Program (JERP). The JERP is, Mr. Faircloth claims, is a community corrections program that can provide to Mr. Faircloth the most effective available treatment for his myriad disabilities. According to Mr. Faircloth, both the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213, and the Due Process Claus of the Fourteenth Amendment require the defendants to grant him parole and permit Mr. Faircloth to participate in the treatment program which, according to Mr. Faircloth, can provide the most effective treatment for his disabilities. In the view of Mr. Faircloth, the appeal of his preferred treatment program trumps all other considerations relevant to a decision to grant parole or to deny parole.

Mr. Faircloth is a convicted felon. The fact that he suffers from disabilities, a fact I assume to be true for purposes of the present motion, does not create a legal mandate that he be granted parole so he can obtain treatment, even if treatment outside of prison is better than treatment in prison. Neither the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213, nor the Due Process Clause of the Fourteenth Amendment impose any such requirement.

In his motion, Mr. Faircloth fails to specify facts and law which establish any of the four elements he must show to obtain injunctive relief. He has not shown any likelihood, much less a substantial likelihood, that he eventually will prevail on the merits of his claims. He has not shown that he will suffer irreparable injury unless the injunction issues. He has not shown that any threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party. He does not address this factor in any way. Finally, he has not shown that the injunction, if issued, would not be adverse to the public interest. He does not address this factor in any way.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** that the **Motion for Injunction and Temporary Restraining Order** [#119] filed on May 20, 2015, is denied.

Dated March 24, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge